United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GHEISA KATHERINE HERNANDEZ GOTTAS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al*.,

Respondents.

Case No. 1:26-cv-05957-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1 at 24. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States with her family on or around July 27, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1 ¶ 24; ECF No. 5-1 at 2. She and her family were detained for five days and then released on their own recognizance. ECF No. 1 ¶ 25; ECF No. 1-1 at 14; ECF No. 5-1 at 7–8. After her release, Petitioner began living in California with her partner and three children. ECF No. 1 ¶¶ 27–28. She also applied for asylum, was granted work authorization by USCIS, and attended all of her in-person ICE check-ins. *Id*. ¶¶ 27, 30. Petitioner was re-detained on June 30, 2026 while attending a scheduled ICE appointment. *Id*. ¶ 33. She was told by an immigration officer that she was being detained due to a recent arrest for child abuse, which had occurred after her teenage daughter called the police following an argument over the family's television. *Id*. ¶ 29. All charges against Petitioner have been dismissed. *Id*.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May

United States District Court
Eastern District of California

14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief on her due process claim (count 1). And because this grants her the full relief to which she is entitled—namely, release from detention—the Court does not consider her remaining claims for relief.

Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking her release on recognizance. Petitioner has a clear liberty interest in her continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 29, 2026, the Court set a briefing schedule on the petition. *See* ECF No. 4. Respondents filed an opposition on August 12, 2026, arguing only that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). Respondents' statutory argument has been widely rejected across this circuit, and the Court does the same here. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). For the reasons explained above, Petitioner was entitled to pre-deprivation process prior to the revocation of her release.[1]

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED as to count 1. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on

[1] Respondents did not address the significance of Petitioner's arrest, or argue that it justified her current detention. Had Respondents made such an argument, the Court would have considered it.

Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present. This Order does not address the circumstances under which the Government may detain Petitioner to execute a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Noël Wise
United States District Judge